WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cornele A. Overstreet, | No. CV-13-02358-PHX-NVW |
| Petitioner, | **ORDER** |
| v. | |
| Farm Fresh Company Target One LLC, | |
| Respondent. | |

The Court previously ruled that Respondent is entitled to a partial award of attorney fees and ordered submission of a new fee request in accordance with that ruling. Doc. 54. Respondent filed the Amended Motion for Attorneys' Fees (Doc. 55) and Petitioner filed a Response in opposition (Doc. 56).

The court must calculate a reasonable fee award using a two-step process: "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir.2000) (citations and footnote omitted). Second, the court must consider whether the lodestar figure should be adjusted pursuant to additional factors that were not considered in the initial calculation. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008). The additional factors to consider are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the

case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 & n.8 (9th Cir. 1996); *see* LRCiv 54.2(c)(3). Factors (1) through (4) and (6) are taken into account in either the reasonable hours component or the reasonable rate component of the lodestar calculation. *Morales,* 96 F.3d at 364 n.9. Factors (5) and (7) through (12) are considered in determining whether to adjust the presumably reasonable lodestar figure. *Id.*

The analysis starts with the fees and values claimed by Respondent. Petitioner again attempts to rewrite the history of this litigation and the positions it took. Prior orders addressed this and will not be repeated here. Respondent's claimed times and hourly rate values are reasonable. The court awards to Respondent the reasonable attorney fees incurred in successfully resisting the unlawful demand for unconditional rehire. Services that would have been incurred on that successful matter are compensable even if they also related to the matters on which Respondent failed. *See Pate v. Alameda-Contra Costa Transit Dist.*, 697 F.2d 870, 872-73 (9th Cir. 1983). Fees related only to the matters on which Respondent failed are excluded from this award. *Id.* Petitioner's Response largely misses this fundamental principle.

Petitioner's objections to services involving subpoenas, the record on which the case was to be decided, scheduling matters, paralegal work, settlement efforts, and in seeking fees, including the contention of excessiveness, are unmeritorious and are rejected. The services are part of Respondent's principal success, even if specific efforts did not succeed. *Id.* Respondent's reductions for services related only to the unsuccessful matters are reasonable, and Petitioner has not shown them to be erroneous. In summary, Petitioner's specific objections are unpersuasive and are rejected.

IT IS THEREFORE ORDERED that the Amended Motion for Attorneys' Fees (Doc. 55) is granted in the amount of $55,739.76.

IT IS FURTHER ORDERED that the Clerk enter judgment in favor of Respondent and against Petitioner in his official capacity in the amount of $55,739.76.

Dated this 29th day of October, 2014.

Neil V. Wake
United States District Judge